Reynaldo **CASTRO**, Appellant,

v.

**U.S. NATURAL RESOURCES, INC. d/b/a Friedrich Air Conditioning & Refrigeration, Appellee.**

No. 04–93–00032–CV.

Court of Appeals of Texas, San Antonio.

April 13, 1994.

Kenneth W. Howell, Brad Haralson, John Gonzales & Associates, P.C., San Antonio, for appellant.

Jeffrey A. Goldberg, John A. Heller, Susan Stone, Foster, Heller & Kilgore, P.C., San Antonio, for appellee.

Before BUTTS, RICKHOFF and RON CARR (Assigned), JJ.

## OPINION

CARR, Justice.[1]

This appeal arises from a lawsuit brought by appellant, Reynaldo G. Castro against appellee, U.S. Natural Resources d/b/a Friedrich Air Conditioning and Refrigeration, alleging that Friedrich discriminated against or discharged him in violation of Article 8307c of the Texas Workers Compensation Act by placing him on an indefinite leave of absence without pay when he attempted to return to work following an on the job injury for which he filed a claim, hired an attorney,

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

and collected benefits. Article 8307c of the Act provides as follows:

> Art. 8307c. *Protection of claimants from discrimination by employers; remedies; jurisdiction.*
>
> Sec. 1 No person may discharge, *or in any other manner discriminate* against any employee because the employee has, in good faith, filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Worker's Compensation Act, or has testified or is about to testify in any such proceeding. (Emphasis added).

TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon 1993), *repealed by* Act of May 22, 1993, 73rd Leg., ch. 269, § 5(1), 1993 Tex.Gen.Laws 1273.

After a trial to a jury, which failed to find that Friedrich discharged Castro in violation of the act, the trial court granted a take nothing judgment.

In five points of error appellant contends that the trial court erred:

1. in failing to submit Castro's requested issue and instruction on "discrimination" [points one and two];

2. in rendering a take nothing judgment because Castro's evidence proved conclusively as a matter of law that Friedrich "discriminated" against Castro in violation of the act by placing him on an indefinite leave of absence without pay [point three];

3. in overruling Castro's motion for new trial because the jury's answer to Question No. 1 on "discharge" was against the great weight and preponderance of the evidence and is manifestly unjust [point four]; and,

4. by admitting into evidence Castro's workers' compensation benefits and lump sum settlement [point 5].

We overrule appellant's points four and five and affirm the judgment as to "discharge"; we overrule appellant's third point and we sustain appellant's first two points and reverse and remand as to the issue of "discrimination."

## DISCRIMINATION

■ Texas Rule of Civil Procedure 278, governing the trial court's submission of questions, instructions and definitions "provides a substantive, non-discretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and any evidence supports them." *Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex. 1992); *see also* TEX.R.CIV.P. 278. The court's failure to submit an issue under such circumstances constitutes reversible error. *Elbaor,* 845 S.W.2d at 243–44; *see also Southwestern Bell Tel. Co. v. Thomas,* 554 S.W.2d 672, 674 (Tex.1977). At the trial's conclusion, Castro tendered in substantially correct form his Requested Question No. 1, as follows:

> *QUESTION NO. 1:*
>
> Did U.S. Natural Resources d/b/a Friedrich Air Conditioning & Refrigeration, discharge or discriminate against Reynaldo Castro in violation of the Texas Workers' Compensation Act?

In addition to the instruction tracking the statute as recommended by the Texas Pattern Jury Charge, § 29.01, Castro requested the following additional instruction in conjunction with his Requested Question Number 1:

> An employee is discharged or discriminated against because of a workers' compensation claim if the claim was a contributing factor in the decision to terminate. It need not be the sole or primary cause.

The trial court modified Plaintiff's Requested Question No. 1 and its accompanying instruction by deleting the "or discriminate" issue from each. The question and instruction submitted were as follows:

> *QUESTION NO. 1:*
>
> Did U.S. Natural Resources d/b/a Friedrich Air Conditioning & Refrigeration, discharge Reynaldo Castro in violation of the Texas Workers' Compensation Act?
>
> [Instruction tracking statuted omitted]
>
> An employee is discharged because of a workers' compensation claim if the claim was a contributing factor in the decision to

terminate. It need not be the sole or primary cause.

The modification of Plaintiff's Requested Question and Instruction by the court is in substance a refusal to submit an issue on discrimination.

The trial court committed reversible error by failing to submit an issue on discrimination, because it denied Castro submission of a properly requested question containing a valid theory of recovery that was raised by the pleadings and the evidence. *Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex.1992).

## DISCRIMINATION IS AN INDEPENDENT, ALTERNATIVE GROUND OF RECOVERY UNDER THE STATUTE.

■ One of Friedrich's main defenses to Castro's claim is that it did not "terminate" his employment by placing him on indefinite leave of absence without pay, and therefore did not "discharge" him in violation of the Act. However, the statute expressly provides that no person may discharge or any other manner discriminate against an employee who pursues workers' compensation benefits. Moreover, the Act is to be liberally construed in favor of the legislative intent to protect workers' compensation claimants. *See Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 84 (Tex.App.—El Paso 1992, no writ). Therefore, it is certainly reasonable to conclude that the statute contemplated a situation where an employer tries to avoid liability under the Act by retaliating against an employee in a manner other than outright discharge.

In addition to the statute itself, the case of *Southwestern Electric Power Co. v. Martin*, 844 S.W.2d 229 (Tex.App.—Texarkana 1992, writ denied), holds that a change in employment status in violation of the Act is discrimination. In *Southwestern*, the employee returned to work following an on the job injury and was placed in a rehabilitation program at full salary. *Id.* at 231. After he hired an attorney, filed a claim and sought a lump sum settlement, he was placed on a long term disability leave of absence at reduced pay. *Id.* Southwestern argued, as does Friedrich, that such an action is not discrimination prohibited by the statute. *Id.* at 232.

The court disagreed, and held that changing the employees status from one of a full salary employee to a long term disability leave of absence at reduced pay was discrimination under the Act. *Id.*

Castro's live pleadings clearly alleged a valid theory of "discrimination" under the Act and supported submission to the jury of an issue on discrimination if there was legally sufficient evidence to support the submission. *Elbaor v. Smith*, 845 S.W.2d at 243–44.

## PROPERLY REQUESTED

Plaintiff's Requested Question No. 1 was tendered in substantially correct form. "Substantially correct ... means one that in substance and in the main is correct, *and that is not affirmatively incorrect.*" *Placencio v. Allied Industrial Int'l, Inc.*, 724 S.W.2d 20, 21 (Tex.1987) (Emphasis in original). Plaintiff's Requested Question No. 1 clearly meets this test.

■ It is a proper broadform submission of the controlling issues raised by the pleadings and the evidence in the case, i.e., whether Friedrich discriminated against or discharged Castro in violation of the Act. *See Scott v. Atchison, Topeka & Santa Fe Ry. Co.*, 572 S.W.2d 273, 278 (Tex.1978). The inclusion of more than one act or omission or alternate ground of recovery in the same question has been expressly approved, if not urged. *See id.; Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Questions concerning statutory violations should be submitted in terms as closely as possible to those actually used in the statute. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d at 937. Finally, the same or substantially the same question has been submitted with approval in other 8307c cases. *See Murray Corp. of Maryland v. Brooks*, 600 S.W.2d 897, 899 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Schrader v. Artco Bell Corp.*, 579 S.W.2d 534, 540 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

In regard to Castro's requested additional instruction to Question No. 1 concerning contributing factor rather than sole cause, the

trial court properly included it in the charge. The instruction is a carefully worded, correct statement of the law, that clarifies the unique fact finding analysis facing the jury in an Article 8307c discrimination case and enables it to reach a proper verdict. *Lakeway Land Co. v. Kizer,* 796 S.W.2d 820, 826 (Tex.App.—Austin 1990, writ denied); *see also* TEX. R.CIV.P. 277. However, by modifying the requested instruction to delete the "or discriminate against" language, the court committed the same error in the instruction as it did by modifying Question No. 1.

### EVIDENCE

■ In determining whether legally sufficient evidence supported Castro's requested issue on discrimination, we must examine the record for evidence supporting its submission, and ignore all evidence to the contrary. *Elbaor v. Smith,* 845 S.W.2d at 243. The evidence must be considered most favorably on behalf of Castro's requested question. *Id.* Submission of the issues is mandatory if the evidence amounts to more than a scintilla. *Id.* at 243, citing *Times Herald Printing v. A.H. Bellow Corp.,* 820 S.W.2d 206, 215 (Tex. App.—Houston [14th Dist] 1991, no writ).

It is undisputed that on February 9, 1989, Castro's status was changed from one of active full time employee to indefinite leave of absence without pay. Clearly, such action is discrimination in violation of the Act if a factor in Friedrich's decision to take this action was Castro's workers' compensation claim. *Southwestern Electric Power Co. v. Martin,* 844 S.W.2d at 229. The evidence that Castro's claim was such a factor is as follows: Castro testified that Friedrich had discriminated against him; two other employees testified that their [workers' compensation] claims were the reason for their discharges; that at least six other workers' compensation claimants were terminated on an identical date because of their "permanent" restrictions; that others with similar or more severe restrictions than Castro were actively employed; and that Friedrich's concern with the expense of workers' compensation claims provided an economic motive.

We conclude that the above evidence, taken together and as a whole, is more than a scintilla of evidence that Castro's claim for worker's compensation was a factor in Friedrich's discrimination against him by placing him on a medical leave of absence, and is sufficient to submit the issue of discrimination to the jury.

■ Error in failure to submit an issue is harmful if the pleadings and any evidence support the requested issue. *Exxon Corp. v. Perez,* 842 S.W.2d at 631; *Elbaor v. Smith,* 845 S.W.2d at 243–44; *Southwestern Bell Tel. Co. v. Thomas,* 554 S.W.2d at 674.

Because we conclude that "discrimination" is a valid theory of recovery under the Act that was raised by the pleadings and evidence, and was properly submitted, we sustain appellant's first two points of error.

Castro's third point of error contends that the Castro's evidence proved conclusively as a matter of law that Friedrich "discriminated" against Castro in violation of the Act by placing him on indefinite leave of absence without pay and therefore this court should reverse and render judgment for Castro on the "discrimination" violation issue and remand only for trial on changes.

Because the issue of "discrimination" was hotly contested with evidence from both sides, we cannot say that it was established as a matter of law. Appellant's third point is overruled.

### DISCHARGE

Castro's fourth point contends that the jury's negative answer to Jury Question No. 1 on "discharge" is against the great weight and preponderance of the evidence and is manifestly unjust. However, Castro concedes in his brief that "there is ample evidence that he [Castro] was not *discharged,* but instead placed on a medical leave of absence." We therefore overrule Castro's fourth point.

Castro's fifth point of error contends that the trial court erred in admitting into evidence Castro's weekly workers' compensation benefits and lump sum settlement.

■ Although general information concerning workers' compensation benefits is inadmissible in a suit against a third party

tortfeasor because it is not material, exceptions to this rule have been made for impeachment purposes. *J.R. Beadel & Co. v. De La Garza*, 690 S.W.2d 71, 74 (Tex.App.—Dallas 1985, writ ref'd, n.r.e.), *see also Barrera v. E.I. Du Pont De Nemours & Co.*, 653 F.2d 915, 921 (5th Cir.1981). The amount of funds which Castro received during the relevant period could be utilized as impeachment testimony for Castro's statement that he was concerned about paying his bills. Therefore, the trial court, in its discretion, could admit the amount of funds received for the purpose of impeachment. The trial judge's decision concerning this admission should not be disturbed unless there is a showing of abuse of discretion.

However, in this case, the jury never reached the damage issues where it could have given Friedrich credit for the amount of funds Castro received from workers' compensation benefits. Having never reached the damage issue, the jury was never faced with such a balancing effect and, therefore, no harm arose. Therefore, if the Collateral Source Rule was violated merely by introduction of the amount of benefits received, it was harmless error.

Castro's fifth point of error is overruled.

We affirm the judgment as to appellant's cause of action for "discharge;" we reverse and remand the judgment as to appellant's cause of action for "discrimination."