YVONNE T. RODRIGUEZ, Justice
Appellant Francisco Hernandez appeals an award of damages against him. The damage award was for injuries sustained by Roy Moss and Vaugh Anderson when Appellant struck their vehicle. In eight points of error, Appellant argues that the trial court improperly excluded evidence, improperly allowed certain expert testimony, failed to make findings of fact and conclusions of law, and he challenges the factual sufficiency of the award. He also claims that the Texas Property & Casualty Insurance Act requires we remand the case to assess certain credits and reductions allowed by the act. For the following reasons, we affirm.[1]
BACKGROUND
The underlying facts of this case are not complicated. Moss and Anderson were riding in the back of a company van, and at a stop light, it was struck from behind by a vehicle driven by Appellant. Moss and Anderson filed a suit for damages against Appellant, who stipulated to liability before trial. The parties agreed to waive a jury trial. The trial court awarded damages to Moss and Anderson for past and future medical expenses, past and future pain and suffering, and past and future physical impairment.
At the time of the collision, Moss was fifty-six years' old and Anderson was forty-eight. Moss testified that he was *164 healthy before the accident. After the accident, Moss suffered from neck pain, arm pain, lower-back pain, headaches, and had difficulty sleeping. He sought treatment from a chiropractor, Dr. Craig Himmelsehr, and an M.D., Dr. Michael Farrell. Dr. Himmelsehr testified that in his opinion Moss's injuries were caused exclusively by the collision. Moss, at the time of trial, continued to suffer discomfort after treatment and it had affected his lifestyle. Moss's wife, Belinda Brooks, corroborated Moss's testimony regarding his continuing pain.
Anderson testified that he was in good health before the collision. During trial, Anderson testified that he had suffered from neck pain, arm and hand pain, lower-back pain, knee pain, headaches, blurred vision, and had difficulty sleeping. Like Moss, he also sought treatment from Dr. Himmelsehr and Dr. Farrell. Dr. Himmelsehr opined that Anderson's injuries were caused exclusively by the collision. Dr. Himmelsehr also found Anderson's MRI showed disc injuries. Anderson continued to suffer discomfort after treatment and told the trial court his lifestyle has been affected by his continuing pain. Anderson's mother, Lois Anderson, corroborated Anderson's testimony regarding his continued pain.
During cross-examination of Moss, Appellant attempted to ask whether Moss had received any workers' compensation benefits. Moss objected to Appellant's questions regarding collateral sources, and the trial court sustained that objection. Then Appellant attempted to ask Moss if he had health insurance that would have covered his medical expenses; this drew the same objection and was sustained by the trial judge. Next, Appellant asked whether Moss had sought medical treatment before consulting an attorney. Moss objected, yet again, on the basis of relevance which was sustained.
During cross-examination of Anderson, Appellant inquired into two personal injury claims that Anderson had filed nine and ten years before trial. The trial court allowed Anderson to testify that he had filed the claims and as to when he had last sought treatment, but then instructed Appellant to "move along." Appellant also asked Anderson about his potential claim for workers' compensation benefits, which was objected to and sustained. Appellant cross-examined Anderson regarding his criminal history, which drew a relevance objection. The trial court allowed Anderson to confirm he had been arrested for possession of marijuana and cocaine, then sustained the objection.
DISCUSSION
I. Failure to File Findings of Fact and Conclusions of Law
Under the Texas Rules of Civil Procedure, a party to a bench trial is entitled to request findings of fact and conclusions of law from the district court. TEX.R.CIV.P. 296. The district court has a mandatory duty to respond to a timely request to file findings of fact and conclusions of law, and a failure to do so is error. Cherne Indus., Inc. v. Magallanes , 763 S.W.2d 768, 772 (Tex. 1989) ; Larry F. Smith, Inc. v. The Weber Co., Inc. , 110 S.W.3d 611, 614 (Tex.App.-Dallas 2003, pet. denied). That error is presumed harmful unless the record affirmatively shows that the complaining party suffered no harm from the district court's failure. Willms v. Americas Tire Co., Inc. , 190 S.W.3d 796, 801 (Tex.App.-Dallas 2006, pet. denied). The test to determine if an appellant has been harmed is whether, under the circumstances of the case, he must guess at the reason the trial court ruled against him. Id. , at 801-02 ; see also *165 Graham Cent. Station, Inc. v. Pena , 442 S.W.3d 261, 263 (Tex. 2014) ; Tenery v. Tenery , 932 S.W.2d 29, 30 (Tex. 1996) ("Error is harmful if it prevents an appellant from properly presenting a case to the appellate court"). The policy reason in encouraging trial courts to make findings is to "narrow the bases of judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." Larry F. Smith, Inc. , 110 S.W.3d at 614 (citing 6 McDonald & Carlson, Texas Civil Practice 2d § 18:3 (1998)). Thus, if there is only a single ground of recovery or only a single defense, the appellant does not usually have to guess at the basis of the trial court's judgment and the objective of the rule is not thwarted. Willms , 190 S.W.3d at 801-02 ; Larry F. Smith, Inc. , 110 S.W.3d at 614.
Here, Appellant claims he followed proper procedure in requesting findings of fact and conclusions of law but the trial court failed to respond as required by Texas Rule of Civil Procedure 296. He asserts he must speculate as to the basis of the trial court rulings against him because "questions remain" regarding how the trial court arrived at the damages award. Appellant correctly points out that the trial court's failure to make findings is error and harm is presumed, and he requests we either reverse and remand or abate and allow the trial court to make the requested findings.
But there was only a single ground of recovery in this case: negligence, and it was stipulated to by Appellant. He argues the lack of findings does not provide him with a basis "for any of the other grounds of recovery," suggesting that the varying damage awards should be considered multiple grounds of recovery, and then points to Tenery and Willms to demonstrate that this was harmful and requires the relief he requests. We find this argument unpersuasive. The ground for recovery at issue here is negligence, and the past and future medical expenses are the damages awarded for that single ground of recovery. As a result, Appellant is not placed in the position of speculating as to the basis of the trial court's judgment of negligence and Point of Error One is overruled.
II. Failure to Make an Offer of Proof
Our law provides, under certain conditions, that a party may claim error in a ruling by the trial court to admit or exclude evidence. Texas Rule of Evidence 103 reads in relevant part as follows:
(a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
...
(2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.
...
(c) Court's Statement About the Ruling; Directing an Offer of Proof. The court must allow a party to make an offer of proof outside the jury's presence as soon as practicable-and before the court reads its charge to the jury. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. At a party's request, the court must direct that an offer of proof be made in question-and-answer form. Or the court may do so on its own.
*166 TEX.R.EVID . 103.[2]
In order to preserve the issue for appellate review, whether it is the testimony of one's own witness or that of the opponent, the appellant must make an offer of proof or a bill of exception to show what the witness's testimony would have been. In re A.M. , 418 S.W.3d 830, 840 (Tex.App.-Dallas 2013, no pet.) ; see also Perez v. Lopez , 74 S.W.3d 60, 66-67 (Tex.App.-El Paso 2002, no pet.) ; Anderson v. Higdon , 695 S.W.2d 320, 325 (Tex.App.-Waco 1985, writ ref'd n.r.e.). The appellate court cannot make a harm analysis without an offer of proof unless the substance was apparent from context. In re A.M. , 418 S.W.3d at 840. General comments on the nature of the testimony, the reason it is being offered, or why it is admissible are not sufficient. Id. The appellate court may be able to discern from the record the nature of the evidence and the propriety of the trial court's ruling, but without an offer of proof it cannot make a harm analysis because it cannot speculate what would have been asked or how a witness would have responded. Id. ; see also Quiroz v. Llamas-Soforo , 483 S.W.3d 710, 723-24 (Tex.App.-El Paso 2016, pet. abated).
Collateral Sources of Payment for Medical Expenses
Appellant questioned Anderson and Moss regarding any filing of workers' compensation claims, but it was objected to and sustained by the trial judge. Appellant argued "[workers' compensation] is something he could have done to mitigate his damages," and pointed out Moss and Anderson had opened the door by suggesting during direct examination that they could not pay for their medical expenses. But no offer of proof was made after the objection-no questions that would have been asked, what the responses would have been, or what was to be shown by those answers. We cannot speculate as to what may have been asked, nor may we make a harm analysis because there is a lack of evidence for us to review. Appellant asserts what he believed the evidence would have shown, but absent an offer of proof we cannot properly review these assertions. Point of Error Two is overruled.
Questions regarding Moss and Anderson's Timing in Seeking Medical Treatment
During cross-examination, Appellant asked Moss whether he had consulted an attorney before seeking medical treatment. Moss objected on relevance grounds, and the trial court sustained. Then, Appellant asked how Moss had "found" his chiropractor, which was also objected to by Moss and sustained. Appellant continued with his cross-examination of Moss, and never returned to the question or made an offer of proof. Because we cannot speculate about how Moss may have answered this question or what further questions Appellant would have propounded, Point of Error Three is overruled.
Anderson's Prior Convictions
Appellant asked Anderson if he had been convicted of a crime in the last ten years. This drew a relevance objection by Anderson, but the trial court instructed Anderson to "go ahead and answer it." Anderson responded that he had been convicted of possession of marijuana and cocaine, at which point his counsel objected again and the trial court sustained. Appellant asserts further questioning would have revealed Anderson's health was questionable *167 given his alleged drug use, and that the convictions could be used to impeach Anderson's assertion that he possessed funds for drug purchases but none for medical treatment based on the nine and ten-year-old convictions. Further, no evidence was presented or elicited to substantiate Appellant's conclusions that Anderson was currently using illicit substances. No offer of proof was made, however, and these propositions were never presented to the trial judge. Even if this ruling was error, absent an offer of proof we cannot conduct a harm analysis. Point of Error Four is overruled.
Anderson's Prior Personal Injury Claims
Appellant questioned Anderson regarding prior personal injury claims for his spine, and Anderson objected. The trial court inquired further and Anderson confirmed that he had previously made two personal injury claims-one ten years prior and one nine years prior. The trial judge asked when Anderson had last sought treatment, and he responded that it had been at least nine years, at which point the trial judge stated "[l]et's move along." Appellant did not make an offer of proof and continued on to a different line of questioning regarding payment of medical treatment in the instant case. Again, because we are not allowed to speculate and cannot conduct a harm analysis absent an offer of proof, Point of Error Six is overruled.
III. Abuse of Discretion
On appeal, a trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. In re J.P.B. , 180 S.W.3d 570, 575 (Tex. 2005) ; Jones v. State , 333 S.W.3d 615, 622 (Tex.App.-Dallas 2009, pet. ref'd) ; Davila v. State , 346 S.W.3d 587, 591 (Tex.App.-El Paso 2009, no pet.). In addition, the trial court will not be reversed unless the decision to admit or exclude evidence "probably caused the rendition of an improper judgment." TEX.R.APP .P. 61.1 ; Wells Fargo Bank, N.A. v. Leath , 425 S.W.3d 525, 537 (Tex.App.-Dallas 2014, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to guiding principles or rules. Enbridge Pipelines (E. Texas) L.P. v. Avinger Timber, LLC , 386 S.W.3d 256, 262 (Tex. 2012) ; Downer v. Aquamarine Operators, Inc. , 701 S.W.2d 238, 241-42 (Tex. 1985). The trial court's ruling must be upheld if there is any legitimate basis in the record supporting the ruling. Holloway v. Dekkers , 380 S.W.3d 315, 320 (Tex.App.-Dallas 2012, no pet.).
Exclusion of Testimony on Collateral Sources
Appellant claims the trial court improperly prevented him from eliciting testimony regarding collateral sources that paid for Moss and Anderson's medical care, specifically workers' compensation or health insurance. Even had Appellant properly preserved this issue for review, the trial court did not abuse its discretion. He argues Appellees opened the door by testifying that they had not sought medical treatment due to a lack of funds. Appellant cites Kosaka, for the proposition that the testimony of an inability to pay for medical treatment allows the evidence of collateral sources to be elicited. He also cites Macias , and without going into much detail, asserts the court "went through a more thorough discussion of the effects of a plaintiff opening the door" to collateral sources when a plaintiff asserts financial difficulties prevented his seeking treatment.
Both cases are distinguishable. The court in Kosaka held the trial court did not abuse its discretion in allowing testimony *168 of collateral sources, citing Texas Rule of Evidence 408 :
Kosaka also raised the issue of his ability to pay on direct examination. He testified that he did not complete medical treatments for his injuries because he 'just couldn't afford it' and that 'ever since I got let go ... my insurance and everything stopped.' The defense's questions challenging Kosaka's stated reason on direct for the delay in treatment-inability to pay-then were relevant for impeachment purposes. See Tex.R.Evid. 408 (exclusion of evidence not required 'when the evidence is offered for another purpose').
Kosaka v. Hook & Anchor Marine & Watersports, LLC , No. 03-11-00134-CV, 2012 WL 5476844, at *4 (Tex.App.-Austin Nov. 8, 2012, no pet.) (mem. op.). The court in Kosaka also noted that the plaintiff delayed two surgeries he claimed were necessary but were not performed due to his inability to pay, so the question was especially relevant to the issue of mitigation of damages.
In Macias , the appellate court reversed because evidence of collateral sources was admitted , not because it was barred. Macias v. Ramos , 917 S.W.2d 371, 374 (Tex.App.-San Antonio 1996, no pet.). The court acknowledged collateral sources are "relevant for impeachment purposes when a witness gives testimony inconsistent with the receipt of benefits." Macias , 917 S.W.2d at 374. It held the trial court had abused its discretion in admitting evidence of collateral sources because the plaintiff had not opened the door when he testified that he had not received a paycheck during his recovery. Id. The court in Macias acknowledged that the presumption against admitting evidence of collateral sources could be overcome when a plaintiff opens the door with a claimed inability to pay. Id. But when that door is opened is still a question within the sound discretion of the trial court.
The cases cited by Appellant stand for the proposition that it is not an abuse of the trial court's discretion to admit evidence of collateral sources under certain circumstances or to exclude such evidence under others. Turning to the case at hand, the questions relating to collateral sources were objected to on relevance grounds, and the trial court referenced relevance in sustaining the objections. Texas Rule of Evidence 403 clearly provides relevant evidence may be excluded in the trial court's exercise of its discretion:
The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.
TEX.R.EVID . 403. Here, we cannot say that the trial court abused its discretion by acting without reference to any guiding rules or principles in excluding evidence of collateral sources. Even if we were to find an abuse of discretion, we could not perform the harm analysis required for reversal because there was no offer of proof.
Exclusion of Anderson's Prior Drug Convictions
Appellant argues the trial court improperly prevented him from delving into Anderson's prior drug convictions during cross-examination. As noted above, Appellant did not preserve this issue for review, but even if he had, the trial court did not abuse its discretion in limiting cross-examination.
Initially, Appellant asked Anderson about prior convictions and the trial judge allowed Anderson to answer over his counsel's objection. Then, Appellant asked Anderson to confirm the convictions were *169 for marijuana and cocaine possession, which the trial court also allowed him to answer over his counsel's objection. After Anderson confirmed he had been convicted for possession of marijuana and cocaine, the trial court sustained the relevance objection.
Appellant quotes part of Texas Rule of Evidence 609(a) : "evidence that a witness has been convicted of a crime shall be admitted if elicited from a witness," arguing that it was relevant to Anderson's health and lifestyle choices, and it would impeach his assertion that he did not have funds for medical care given one could conclude Anderson had funds for the purchase of illicit substances. [Emphasis in orig.]. Appellant does not perform an abuse of discretion analysis but concludes it was error that led to an incorrect judgment and he is entitled to a reversal.
The version of Texas Rule of Evidence 609 that was in effect during this case reads in relevant part as follows:
(a) General Rule.
For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.
TEX.R.EVID . 609.[3] The rule subjects the mandatory "shall" language to the trial court's weighing of the probative versus prejudicial effect of the evidence upon a party. Appellant cites Taylor for its holding that Rule 609 only limits the evidence of a drug conviction for impeachment, and argues that he was offering the prior convictions as relevant to Anderson's health before the crash. Taylor involved an appellant complaining of the introduction of evidence of her drug use at a custody hearing. Taylor v. Texas Dep't of Protective & Regulatory Servs. , 160 S.W.3d 641, 652-53 (Tex.App.-Austin 2005, pet. denied). The Austin Court of Appeals held her objection could not rely on the general bar in Rule 609 because the Department of Protective & Regulatory Services introduced the evidence not only for impeachment but also for its relevance to the controlling issue in the case-the best interests of the child. Id. at 653. Because it was relevant to the controlling issue, the court held that the appellant had to rely on Texas Rule of Evidence 403 to show that the trial court abused its discretion in admitting the evidence. Id. The court then held that no abuse of discretion had occurred. Id.
Even if we were to accept that the reasoning in Taylor applied here, evidence of Anderson's prior conviction is still subject to the Rule 403 balancing test, which the trial court may have utilized in allowing Anderson to testify that he had been convicted of possession of marijuana and cocaine, and subsequently disallowing further discussion of the prior convictions. Under the facts presented by the record, we would be unable to conclude that the trial court acted without reference to any guiding rules or principles in refusing Appellant further inquiry.
Dr. Himmelsehr's Expert Testimony
Appellant asserts the trial court improperly allowed Dr. Himmelsehr to testify upon future medical expenses based on the report of an M.D. because Himmelsehr is a *170 chiropractor. Appellant also claims that the information testified to was not contained in the disclosure for expert testimony require by Texas Rule of Civil Procedure 194.2.
A ruling by the trial court admitting expert evidence is reviewed for abuse of discretion. Sw. Energy Prod. Co. v. Berry-Helfand , 491 S.W.3d 699, 716-17 (Tex. 2016). As noted above, the test for abuse of discretion is whether the trial court acted without reference to guiding principles or rules. Enbridge Pipelines (E. Texas) L.P. , 386 S.W.3d at 262. Texas Rule of Evidence 702 on expert testimony reads as follows:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.
TEX.R.EVID . 702. The trial court is not to determine whether an expert's conclusions are correct, but only whether the analysis used to reach them is reliable. Gammill v. Jack Williams Chevrolet, Inc. , 972 S.W.2d 713, 728 (Tex. 1998).
Rule 194.2(f) allows a party to request certain disclosures for a testifying expert, including the subject matter of the expert's testimony and "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by ... the responding party, documents reflecting such information." TEX.R.CIV .P. 194.2. The purpose of 194.2(f) is to give the opposing party an opportunity to prepare for meaningful cross-examination. State Farm Fire & Cas. Co. v. Morua , 979 S.W.2d 616, 620 (Tex. 1998) ; Exxon Corp. v. W. Texas Gathering Co. , 868 S.W.2d 299, 304 (Tex. 1993). If an alleged inadequacy of discovery is not objected to or otherwise brought to the responding party's attention before trial, the objection may be waived. Morua , 979 S.W.2d at 619 ; see also SunBridge Healthcare Corp. v. Penny , 160 S.W.3d 230, 242 (Tex.App.-Texarkana 2005, no pet.) ("If the complaining party is aware of the alleged inadequacies of discovery responses before trial, the complaining party cannot wait until trial to raise the issue.").
Of the cases cited by Appellant, the case substantially on point is Larkins , in which the Waco Court of Appeals found that a chiropractor was not qualified to give an expert opinion regarding psychological disorders suffered by plaintiff due to head trauma. State Office of Risk Mgmt. v. Larkins , 258 S.W.3d 686, 693 (Tex.App.-Waco 2008, no pet.). The court noted, however, that its ruling was due to improper foundation. "Not every medical doctor can qualify as an expert in every given case. For Dr. Cernosek's opinions to be considered expert testimony, Larkins would have to show that Dr. Cernosek had medical expertise regarding psychological disorders caused by head injuries." Id. at 693 [Internal citations omitted]. There, the chiropractor expert-witness concluded that the plaintiff suffered from three distinct psychological issues because of the accident, but did not provide any showing of expertise which would qualify him to make such assessments. Id.
Here, the record shows that Dr. Himmelsehr testified that he is a doctor of chiropractic, attended chiropractic college for his degree, had been practicing for fourteen years at the time of his testimony, and stated that based on his education, experience, and training, he considered himself an expert in the diagnosis and treatment of spinal injuries. He also testified he had performed a physical examination *171 of Moss and Anderson and his opinions were based on reasonable medical probability. Based on this record, we cannot conclude that the trial court abused its discretion in determining the reliability of Dr. Himmelsehr's analysis.
As to the Rule 194.2(f) disclosures, the clerk's record shows no pretrial objections by Appellant to Moss and Anderson's expert disclosures. The first objection by Appellant occurred during direct examination of Dr. Himmelsehr, in which Appellant complained to the trial judge that Appellees had failed to disclose the doctor's mental impressions, opinions, and a brief summary of the basis for them. Appellees' counsel read a portion of the expert disclosures into the record during the following exchange:
Appellees' Counsel: And under the expert disclosure I said-'Answer: 194.2(f) for testifying expert. 2. Dr. Himmelsehr is expected to testify regarding the nature, extent and causation of the injuries, the reasonableness and necessity of the medical care received by plaintiff for the injuries sustained in the collision, including but not limited to the need for future treatment and the costs associated therewith as well as all other damages listed above.'
Appellant's Counsel: And that's incomplete, though, Your Honor, because that is just responsive to the subject matter. The next one, No. 3, is the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or the documents provided. All she cites to are the affidavits on file. So if this is an opinion that's not contained in the medical records, which it's not, then he's precluded from testifying.
The Court: Objection's overruled.
Based on this record, we cannot conclude that the trial court abused its discretion in impliedly ruling that the disclosure response was adequate. The record establishes the disclosure putting Appellant on notice regarding the subject matter of Dr. Himmelsehr's testimony and cited to affidavits containing the medical records. Rule 194.2(f) is not meant to encourage "gotcha" objections at trial, but to provide opposing counsel with a meaningful opportunity to prepare for cross-examination; failure to object or to notify the responding party of the inadequate disclosures before trial subjects the complaint to waiver. Morua , 979 S.W.2d at 620. Because it is not clear that the trial court abused its discretion in overruling Hernandez's objection, Point of Error Five is overruled.
Exclusion of Evidence of Prior Personal Injury Claims
Appellant maintains the trial court improperly prevented him from inquiring into Anderson's prior personal injury claims involving his back, which Appellant claims could have been an alternative cause of his injuries. This issue was not preserved for review, but even assuming proper preservation, there was no abuse of discretion.
Anderson objected to Appellant's questioning of his prior injuries, but the trial court inquired further of Anderson and learned the injuries were nine and ten years' old and his last treatment had been sought some nine years before. The trial judge instructed Appellant to "move along" and he did not return to his questioning about the injury.
Appellant cites Texas Rules of Evidence 401, 402, 403, and 609 on this point of error (but no case law) and rhetorically asks whether the probative value of the prior claims was substantially outweighed by the *172 risk of undue prejudice. Appellant asserts the prior back injury was relevant to Anderson's on-going health issues. Absent from his argument is an analysis of how the trial court abused its discretion in refusing further inquiry regarding Anderson's past medical history beyond the testimony already elicited. Appellant, we note yet again, failed to make any offer of proof so we are left to speculate as to what questions may have been asked and what answers may have been elicited. It is notable Appellant did not designate any expert witness to testify about any alleged connection between Anderson's prior personal injury claims and the injuries sustained in this case. Further, Dr. Himmelsehr had already completed his testimony at this juncture. It is difficult to assess how further questioning would have aided the trial court. We find no indication the trial court abused its discretion in allowing testimony confirming the prior back injury but limiting it beyond that.
IV. Factual Sufficiency
When a party brings a factual sufficiency challenge to an adverse finding, it has the burden of showing that the finding was against the great weight and preponderance of the evidence. Dow Chem. Co. v. Francis , 46 S.W.3d 237, 242 (Tex. 2001) ; Buckeye Ret. Co., LLC, Ltd. v. Bank of Am., N.A., 239 S.W.3d 394, 399 (Tex.App.-Dallas 2007, no pet.). The court of appeals should set aside the verdict only if, after considering and weighing all of the evidence, it determines that the verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. Cain v. Bain , 709 S.W.2d 175, 176 (Tex. 1986) ; see also Francis , 46 S.W.3d at 242 ; Pool v. Ford Motor Co. , 715 S.W.2d 629, 635 (Tex. 1986) ; Dyson v. Olin Corp. , 692 S.W.2d 456, 457 (Tex. 1985). If the court of appeals reverses for factual insufficiency, it should detail in its opinion why the finding is "so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias." Pool , 715 S.W.2d at 635. Thus, the challenging party faces a high burden.
Appellant acknowledges an accident occurred and stipulated to his negligence in causing the accident; further, he acknowledges Anderson and Moss received medical treatment after the accident. Appellant maintains, nonetheless, that the evidence was factually insufficient to support the judgment because: (1) Dr. Himmelsehr's testimony regarding past and future medical expenses was not credible because he was unqualified and had not treated the plaintiffs in 18 months; (2) Dr. Himmelsehr's testimony was not credible because some of the damage award would go to paying his fees; (3) Appellees testimony that they would require future medical expenses was not credible because Dr. Himmelsehr testified he is willing to continue treating them even if they could not afford it; and (4) Anderson's testimony was not credible because he admitted to exaggerating his weight gain and had been convicted of a felony. Appellant also offers us a list of evidence he would have been able to provide the trial court if Appellees' objections had not been sustained.
After reviewing the evidence in the record, we cannot say that the trial court's determination of the damage award was so contrary to the overwhelming weight of the evidence that it was clearly wrong and unjust. Dr. Himmelsehr was admitted as an expert witness and testified that based on his education, experience, and training, he considered himself an expert in the diagnosis and treatment of spinal injuries. He also testified that he had performed a physical examination of both plaintiffs and his opinions on future impairment and medical care were based *173 on reasonable medical probability. Dr. Himmelsehr testified to what was shown on Appellees' x-rays taken after the collision. Moss's and Anderson's medical records were provided to the trial court and admitted into evidence. Both Moss and Anderson testified to being in good health before the accident, recounted in detail their physical discomforts and the treatments they received after the accident. Moss's wife and Anderson's mother also testified to their on-going pain. Although Anderson testified to a weight fluctuation which he later disavowed, this conflicting testimony was heard by the trial court and it is not clear that Anderson's claim of weight gain affected the trial court's determination regarding the damage award.
Ultimately, we find the record does not show the trial court's decision was against the great weight and preponderance of the evidence or manifestly unjust. As to Appellant's purported list of evidence he hoped to prove if the trial court had not ruled against him, it is not part of the record and no offer of proof was made. We decline to engage in speculation as to what evidence Appellant could have elicited had the trial court ruled in his favor. Point of Error Seven is overruled.
V. The Texas Property & Casualty Insurance Act
In his final point of error, Appellant argues the Texas Property & Casualty Insurance Act ("Act") requires that upon a defendant's insurer impairment, his potential liability to plaintiffs must be reduced by the full amounts of any applicable insurance policy of the plaintiffs. Appellant's insurer became insolvent in December 2013, six months after judgment was rendered in this case. Obviously, the issue was never presented to the trial court, and as demonstrated by our foregoing discussion, no evidence of collateral sources were elicited in the record. Still, Appellant maintains the statute's requirements should be met even though the insurer became insolvent after the judgment was rendered because to hold otherwise would frustrate the purpose of the Act. He cites no case law for this proposition but asserts either a new trial is required or a remand to the trial court to determine credits.
The Texas Property & Casualty Insurance Act was enacted with the purpose of providing for the payment of claims against an insolvent insurer to protect members of the public from excessive delays or financial losses that would otherwise occur when an insurance company became insolvent. TEX.INS.CODE ANN . § 462.002 (West 2009). It provides for an association ("Guaranty Association") to facilitate this protection. Id. Appellant is correct the Act requires a plaintiff to exhaust their rights under all other insurance policies before recovering from the Guaranty Association. TEX.INS.CODE ANN . §§ 462.251, 462.252 (West 2009). But the Act does not provide for a judicial procedure in determining credits or reductions. Instead, the Act requires the receiver of the insolvent insurer to periodically submit a list of claims to the Guaranty Association. TEX.INS.CODE ANN . § 462.114 (West 2009). The Act's only mention of a judicial procedure is that appeals of the final action or orders of the Guaranty Association are to be made to the district court in Travis County. TEX.INS.CODE ANN . § 462.017 (West 2009). From a plain reading of the statute, the legislature did not provide a judicial remedy before a claimant had exhausted his administrative remedies with the Guaranty Association. It also does not provide that a defendant whose insurer became insolvent after judgment is entitled to return to district court for a hearing on reductions and credits. Thus, Point of Error Eight is overruled.
*174 CONCLUSION
Having overruled all of Appellant's points of error, the judgment of the trial court is affirmed.
Hughes, J., Not Participating

This appeal was transferred from the Dallas Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We apply the precedent of that court to the extent required by Tex.R.App.P. 41.3.

Rule 103 was restyled April 1, 2015, making the language on offer of proof formerly located at 103(b) now at 103(c).

Rule 609 was updated by the Texas Supreme Court and Court of Criminal Appeals effective April 1, 2015. The update consisted of no substantive changes. See Tex. Sup. Ct. Order, Misc. Docket No. 15-9048 (eff. Apr. 1, 2015).