

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00045-CR

---

Keith Boynes, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 384th District Court
El Paso County, Texas
Trial Court No. 20180D04305

---

## MEMORANDUM OPINION

Appellant, Keith Boynes, appeals from his conviction for murder enhanced by a prior conviction. In his sole issue on appeal, Boynes argues the trial court committed reversible error when it excluded a sworn statement given to police from a witness who was deceased at the time of trial. Responding, the State contends that Boynes failed to preserve error concerning the

exclusion of the deceased witness's statement; and, even if error was preserved, it further argues the statement was inadmissible. We conclude that Boynes failed to preserve error. In addition, our review of the record revealed a clerical error in the trial court's judgment. Having modified the judgment to correct the clerical error, we overrule Boynes's sole point of error and affirm the trial court's judgment.

## I. BACKGROUND

Boynes was indicted for murder, enhanced by a prior conviction, and his case was tried before a jury. During trial, but not in the presence of the jury, Boynes informed the trial court he intended to introduce a witness statement into evidence. The statement, which was notarized and witnessed by a lieutenant for the El Paso Police Department, was made by Ron McCalvin, who was Boynes' boss at the place where Boynes had been working at the time of the murder.

The trial court and the parties discussed the statement in a hearing conducted outside the presence of the jury.[1] At the hearing, Boynes represented to the trial court that McCalvin was included on the State's final witness list, that McCalvin could not be called as a witness because he had passed away prior to trial, and that the statement directly contradicted the testimony of one of the witnesses at trial. Boynes therefore argued that the statement was admissible under the Confrontation Clause.[2]

In considering the admissibility of the statement, the trial court determined that the statement's admissibility was governed by Texas Rule of Evidence 804—which provides exceptions to the rule against hearsay when the declarant is unavailable to testify—and asked

---

[1] The hearing began after the court returned from lunch on the second day of the trial and resumed in the morning on the third day of trial.

[2] The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

Boynes if he had any evidence to show that McCalvin's statement was made in anticipation of his death. *See* Tex. R. Evid. 804(b)(2) (providing that for a declarant who is deemed unavailable to testify, the declarant's out-of-court statement is admissible if the declarant believed his death was imminent). Boynes replied that he had no such evidence. The trial court then stated that although McCalvin was deceased, and therefore unavailable, the statement was not made in anticipation of his death; as a result, the statement was not admissible under Rule 804.

In response, Boynes contended "that *Crawford*[3] [provided] an exception to that hearsay rule." Nevertheless, when the trial court noted that McCalvin's statement to police was not former testimony, Boynes agreed.

Ultimately, the trial court ruled that the statement was not admissible.[4]

At the conclusion of trial, the jury found Boynes guilty of the offense of murder, found that the accusation of a prior conviction had been proven, and assessed his sentence at 20 years' imprisonment and a $5,500 fine. The trial court rendered a judgment of conviction for murder and imposed a 20-year sentence of confinement and a fine in accord with the jury's verdict.

This appeal followed.

## II. EXCLUSION OF EVIDENCE

In his sole issue on appeal, Boynes argues the trial court committed reversible error by excluding McCalvin's witness statement to police. In support of this argument, Boynes asserts in his appellate brief that the statement was not barred by the Confrontation Clause, the statement

---

[3] Referring to *Crawford v. Washington*, 541 U.S. 36 (2004).

[4] We note that although the trial court never expressly ruled on Boynes' Confrontation Clause argument, the record shows that the trial court implicitly overruled his arguments when the court held that McCalvin's statement was not admissible.

was admissible under Texas Rule of Evidence 804(b)(1), and excluding the statement violated his rights under the Due Process Clause.

In response, the State first argues that Boynes failed to preserve error on the exclusion of McCalvin's statement by failing to make a valid offer of proof by setting forth a concise summary of the statement's contents or by offering the statement itself and asking for it to be included with the record. On the merits of the evidentiary ruling, the State contends the trial court did not err in excluding McCalvin's statement even if we conclude he properly preserved error.

Because error preservation is a systemic requirement—and we agree that Boynes failed to preserve his claim of error—we affirm the trial court's judgment without considering the merits of Boynes' arguments. *See*, *e.g.*, *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016).

**A. Applicable Law**

"Preservation of error is a systemic requirement." *Darcy*, 488 S.W.3d at 327. We therefore may not reverse a trial court's judgment without first addressing any error preservation issues. *See id*. at 328; *Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021); *Mireles v. State*, No. 08-19-00221-CR, 2022 WL 3572859, at *5 (Tex. App.—El Paso Aug. 19, 2022, pet. ref'd) (not designated for publication). To successfully preserve error regarding the exclusion of evidence, the proponent of the evidence must make the substance of the evidence known to the court through an offer of proof or a bill of exception, unless the substance is otherwise apparent from the context of the questioning. *See* Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.1(a)(1)(B); *Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996); *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (en banc); *Spence v. State*, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988) (en banc); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); *Rohr v. State*, No. 08-12-00219-CR, 2014 WL 4438828, at *7 (Tex. App.—El Paso Sept. 10, 2014, no pet.) (not designated for publication).

An offer of proof can consist of either an exchange in question-and-answer format outside the presence of the jury or a concise statement by counsel. *See Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009). If counsel chooses to make a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Warner*, 969 S.W.2d at 2.

Regardless of how the proponent of evidence chooses to provide an offer of proof, the offer must reveal, "with some degree of specificity, the substantive evidence [the complaining party] intended to present[.]" *Mays*, 285 S.W.3d at 890. "General comments on the nature of the testimony, the reason it is being offered, or why it is admissible are not sufficient." *Hernandez v. Moss*, 538 S.W.3d 160, 166 (Tex. App.—El Paso 2017, no pet.) (citing *In re A.M.*, 418 S.W.3d 830, 840 (Tex. App.—Dallas 2013, no pet.)).

The main purpose of the offer of proof is to "enable an appellate court to determine whether the exclusion [of evidence] was erroneous and harmful." *Mays*, 285 S.W.3d at 890.

**B. Boynes failed to preserve any error**

Here, Boynes failed to make any offer of proof or bill of exception, and no copy of McCalvin's statement appears in the record. At best, Boynes asserted to the trial court that McCalvin's "statement is in direct contradiction into one of the witnesses that came up here." But Boynes failed to state which witness the statement allegedly contradicted, how it contradicted that statement, or what the importance of the contradiction is to Boynes' defense.

On review of the record, Boynes did not provide the trial court with a copy of McCalvin's statement. He did not ask that it be included in the record, nor did he provide a succinct, specific summary of the contents of the statement through a concise summary or a bill of exception. *See*

*Forrest v. State*, No. 05-22-01209-CR, 2024 WL 3770333, at *8–9 (Tex. App.—Dallas Aug. 13, 2024, pet ref'd) (mem. op., not designated for publication) (holding that there was no valid offer of proof for a video since the contents were unknown other than to say there were "witness statements."); *cf. Jackson v. State*, 352 S.W.3d 288, 295 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd.) (holding that appellant preserved the issue with respect to excluded photographs since the trial court was informed of the subject matter of the photos, namely that they depicted the complainant at parties with her friends). Rather, Boynes merely made general statements about McCalvin's statement, such as that the statement contradicted the testimony of another witness. But general statements regarding the nature of the evidence that do not describe its contents are not sufficient. *See Warner*, 969 S.W.2d at 2; *Mays*, 285 S.W.3d at 890; *Moss*, 538 S.W.3d at 166.

Accordingly, because Boynes failed to make an adequate offer of proof with respect to McCalvin's statement, he also failed to preserve error for our review. *See* Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.1(a)(1)(B); *Williams*, 937 S.W.2d at 489; *Warner*, 969 S.W.2d at 2.

We overrule Boynes' sole issue on appeal.

### III.  REFORMATION OF THE JUDGMENT

Through our review of the record, we discovered a clerical error in the trial court's judgment. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b); *Mason v. State*, No. 08-23-00257-CR, 2024 WL 2983908, at *2 (Tex. App.—El Paso, June 13, 2024, no pet.) (mem. op., not designated for publication). The State alleged an enhancement paragraph in the indictment. Boynes pleaded not true to the enhancement. In assessing punishment, the jury returned a finding of true to the enhancement. However, the enhancement is not properly reflected in the judgment of conviction. The judgment simply lists "N/A" in the space next to the "1st Enhancement Paragraph."

6

Accordingly, we modify the judgment as follows: replacing the language "N/A" in the space next to "1st Enhancement Paragraph" with "PLEADED NOT TRUE" and replacing the language "N/A" in the space next to "Finding on 1st Enhancement Paragraph" with "TRUE."

## IV. CONCLUSION

Having modified the judgment to correct the clerical error, we overrule Boynes's sole point of error and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

GINA M. PALAFOX, Justice

October 14, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.