Opinion issued January 15, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00087-CV

———————————

**LI LI, Appellant**

**V.**

**TGS-NOPEC GEOPHYSICAL COMPANY, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-84389**

---

## CONCURRING OPINION

The trial court did not have to submit the requested instructions about pretext.

But did it have the discretion to do so? No. That would have been error. Pretext

instructions are hopelessly problematic because they single out one side's take on

key testimony and prod the jury to find for that side. They put a judicial thumb on

the scale, when the critical task of weighing evidence belongs exclusively to the jury. So lest anyone come away with the impression that the trial court could have gone either way, the time has come to dispel that notion forever.

Witnesses do lie and cover up wrongdoing, and when they do, lawyers can point it out during jury argument. Lawyers can argue with passion and make hay about which witnesses looked evasive or squirmed the most when impeached. But that battle must take place on a level playing field. Texas trial judges get a front row seat but cannot join in the fray.

To be clear, I join the holding that the trial court did not commit reversible error in declining to give the instructions. But in light of the legal issue's significance, I would go further by holding that a trial court should never give such instructions. The issue matters to Texas law, will inevitably recur in future cases, and deserves an answer now.

## I.

This issue matters to the state's jurisprudence for several reasons. First, virtually every worker depends on enforceable protections against illegal treatment on the job. Employers should care, too, because every time the law tilts the playing field in favor of liability, the employer loses a bit of latitude to make decisions. With employment litigation as common and important as it is, getting the charge right in this area matters to countless employees and employers.

2

Second, there is substantial room for disagreement about the issue. This area has never generated a national consensus. One Fifth Circuit panel has found a plaintiff entitled to the instruction. *See Ratliff v. City of Gainesville*, 256 F.3d 355, 359–61 (5th Cir. 2001) (Stewart, J.). A later panel disagreed. *See Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 573–77 (5th Cir. 2004) (Garza, J.) (disagreeing with rationale of *Ratliff* but acknowledging that it is binding precedent); *id.* at 583 (Benavides, J., concurring) ("I do not join the majority opinion's criticism of *Ratliff* or its call for en banc review of that decision."). Meanwhile, the Fifth Circuit pattern jury instructions support a pretext instruction. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) No. 11.5 (2020) (Title VII retaliation); *id.* No. 11.21 (FMLA retaliation). Unlike the Fifth Circuit, however, the Seventh Circuit disfavors these instructions:

> Gehring also wanted the judge to instruct the jury about one permissible inference: that if it did not believe the employer's explanation for its decisions, it may infer that the employer is trying to cover up age discrimination. This is a correct statement of the law, but a judge need not deliver instructions describing all valid legal principles. Especially not when the principle in question describes a permissible, but not an obligatory, inference. Many an inference is permissible. Rather than describing each, the judge may and usually should leave the subject to the argument of counsel. Gehring's lawyer asked the jury to draw this inference; neither judge nor defense counsel so much as hinted that any legal obstacle stood in the way. Instructions on the topic were unnecessary.

*Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994) (Easterbrook, J.) (citations omitted); *see Murphy v. Caterpillar Inc.*, 140 F.4th 900, 912 n.2 (7th Cir. 2025).

3

Other circuits have split over the issue.[1]  It is unnecessary to wade further into federal law, because the federal approach to the charge looks nothing like the approach taken in Texas.

But Texas law has not exactly come to a consensus, either.  The Eastland Court of Appeals says giving the instruction is error, while the El Paso Court of Appeals says the opposite.  *See Baron Aviation Servs., Inc. v. Kitchen*, 679 S.W.3d 330, 346–52 (Tex. App.—Eastland 2023, pet. denied); *Tex. Dep't of Transp. v. Flores*, 576 S.W.3d 782, 796–98 (Tex. App.—El Paso 2019, pet. denied).

With no Texas Supreme Court holding directly on point, the Texas Pattern Jury Charges (PJC) has trended toward the pro-instruction position.[2]  This trend in

---

[1]     *See Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) (instruction is required); *Moore v. Robertson Fire Prot. Dist.*, 249 F.3d 786, 789–91 (8th Cir. 2001) (not required); *Fite v. Digit. Equip. Corp.*, 232 F.3d 3, 7 (1st Cir. 2000) (not required); *see also* William J. Vollmer, Note, *Pretext in Employment Discrimination Litigation: Mandatory Instructions for Permissible Inferences?*, 61 Wash. & Lee L. Rev. 407, 408, 411, 417–29 (2004).

[2]     For example, take retaliation under the Whistleblower Act.  The 2016 version of PJC 107.4 asked a question about liability, with a simple definition of good faith.  Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance & Employment*, PJC 107.4 (2016).  But the 2018 version of PJC 107.4 added the pretext instruction: "If you do not believe the reason[*s*] *Don Davis* has given for [*terminating, suspending or (describe other discriminatory action)*] *Paul Payne*, you may, but are not required to, infer . . . ."  *Id.* PJC 107.4 (2018).  The 2018 version also added such an instruction for unlawful employment practices (PJC 107.6) and retaliation (PJC 107.9), with commentary mentioning the Fifth Circuit's decision in *Ratliff* as authority.  *Id.* PJC 107.6 & cmt., 107.9 & cmt. (2018).  The 2020 version added such an instruction for ADA "regarded-as claims" (PJC 107.11B).  *Id.* PJC 107.11B (2020).  The 2024 version went further down this road by adding such an instruction for workers' compensation retaliation (PJC 107.5), partly on the authority of the El Paso court's decision in *Flores*. *Id.* PJC 107.5 & cmt. (2024).

PJC language strikes me as misguided for reasons to be discussed in a moment, but whatever one's view about that, the issue's importance should be apparent.

## II.

As for the merits, it will not take long to show why the pretext instruction has no place in Texas. The instruction tramples on the jury's exclusive right to decide disputed issues of fact. It basically tells the jury, "*Pay special attention to that one key witness, who might well be lying; and if you perceive a lie, that will be sufficient evidence to let you find the defendant liable.*"

In English courtrooms of the eighteenth century, judges had the power to comment on the weight of the evidence.[3] But in the United States, the practice of commenting had already started decaying as Texas law began to develop.[4] Texas banned judicial commenting from early on,[5] and the courts took the ban seriously.

---

[3] *See, e.g.*, Ronald J. Allen, *Structuring Jury Decisionmaking in Criminal Cases: A Unified Constitutional Approach to Evidentiary Devices*, 94 Harv. L. Rev. 321, 330 (1980) ("The power of judges in the United States to comment on the weight of the evidence is a direct descendant of English law, under which the judge has long been granted extensive power to express his opinion on the evidence.") (footnotes omitted).

[4] *See* Douglas G. Smith, *The Historical and Constitutional Contexts of Jury Reform*, 25 Hofstra L. Rev. 377, 442–43 (1996) ("The practice was eliminated by constitutional provision, statute, and judicial decision largely during the period spanning 1835 to 1860. Therefore, although in early American jury trials it was not uncommon for the judge to comment on the evidence and the credibility of the witnesses, this practice fell into disuse toward the end of the nineteenth century.") (footnotes omitted).

[5] "As early as 1853, the Legislature, in pursuance of this policy, enacted a law, that is still in force, which indicates a radical departure from the mode of proceeding in trials, as practiced in the courts of England and of many if not most of the American States, wherein the common law prevails. It is as follows: The judge shall not in any case, civil or criminal,

In *Willis v. Whitsitt*, an instruction told jurors that they could "consider the interest which such witnesses have in the matter in controversy." 67 Tex. 673, 4 S.W. 253, 255 (1887). That instruction went too far: "Such a charge is virtually upon the weight of evidence, tending to make the jury believe that, in the opinion of the judge, the testimony of a particular witness is not entitled to much weight in making up their verdict. Such a charge is inconsistent with the freedom allowed to the jury in passing upon the weight of testimony and the credibility of witnesses." *Id.* at 256.

In *Davidson v. Wallingford*, the charge singled out a witness by name, prompting the supreme court to find error:

> We are of opinion that the court also erred in singling out Mrs. Bickford by name, and charging the jury that they were the judges of her credibility and the weight to be given to her testimony, although the charge was accompanied by the instruction that they were also the judges of the credibility of all the other witnesses. The court should simply have charged that the jury were the judges of the credibility of the witnesses and the weight of the evidence. The effect of the instruction was to lead the jury to believe that there was more question as to the credibility of the witness who was named than as to that of the other witnesses.

88 Tex. 619, 32 S.W. 1030, 1033 (1895).

The statutory ban on commenting on the weight of the evidence carried forward into the twentieth century, *see Joy v. Craig*, 81 S.W.2d 261, 263 (Tex. Civ. App.—Amarillo 1935, no writ), until it finally rolled into the 1941 rules as Texas

charge or comment on the weight of evidence. . . ." *Tex. & Pac. Ry. Co. v. Murphy*, 46 Tex. 356, 367 (1876) (quotation omitted).

Rule of Civil Procedure 277, where it remains to this day. *See* TEX. R. CIV. P. 277 ("The court shall not in its charge comment directly on the weight of the evidence . . . .").

This ban on judicial comments underpins our modern doctrine against tilting or nudging: "An impermissible comment on the evidence occurs when a jury instruction assumes the truth of a controverted material fact, or 'tilts' or 'nudges' the jury in one direction." *Daven Corp. v. TARH E&P Holdings, L.P.*, 441 S.W.3d 770, 775 (Tex. App.—San Antonio 2014, pet. denied); *see Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 617 (Tex. App.—Dallas 2010, no pet.).

It also underpins our doctrine against surplusage: "The jury need not and should not be burdened with surplus instructions." *Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984), *superseded by statute on other grounds as stated in Emerson Elec. Co. v. Johnson*, 627 S.W.3d 197, 208 (Tex. 2021). Surplusage does not get any more appropriate merely because it may state the law correctly. *Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex. 1984); *see GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 887 (Tex. App.—Austin 2008, no pet.) ("The trial court's charge need not and should not burden the jury with surplus instructions, even if the additional instructions are correct statements of the law.").

All these flaws taint the pretext instruction. The instruction tilts, it nudges, it adds surplusage, and it comments on the weight of the evidence. It needs to go.

Texas has superb employment litigators on both sides of the docket. Let them duke it out at trial, and let the winner get the benefit of all the reasonable inferences. That, at any rate, is my view about how our system works unless and until the supreme court holds otherwise.

## Conclusion

A century ago, the Texas system had a certification device, where an intermediate court could send a legal question up to the supreme court. With that device no longer available, we have the obligation to decide the case first. I join the holding that the judgment should be affirmed. But rather than leaving anyone with the impression that trial judges have the discretion—ever—to give a pretext instruction, I would call the question about the pretext instruction and tell trial judges not to give it unless they want to try the case twice.

David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Justice Gunn, concurring.

8